those customarily recoverable for breach of contract, the Statute of Limitations has expired with respect to that relief sought (*see,* CPLR 214 [former (6)] [prior to 1996 amendment]; *Santulli v Englert, Reilly & McHugh,* 78 NY2d 700, 707; *see also, Romeo v Schmidt,* 244 AD2d 860). (Appeal from Order of Supreme Court, Monroe County, Frazee, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.

■ In the Matter of BAY VILLAGE CONDOMINIUMS, Appellant, v ROBERT GILKINSON, as Assessor of Town of Irondequoit, et al., Respondents. [673 NYS2d 961] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted respondents' motion to dismiss the petition seeking review of the tax assessment for the 1996-1997 tax year as barred by RPTL 727 (1). On appeal, petitioner contends that the statute is unconstitutional but its motion papers submitted in opposition to respondents' motion do not mention the constitutionality of the statute. The first reference to that issue in the record is a finding by the court in its decision that petitioner failed to meet its burden of establishing the unconstitutionality of the statute. On this record, we agree with that finding. (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—RPTL.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.

■ BETTY MITCHUM, Respondent, v JOHN M. FRIEND et al., Appellants, et al., Defendant. [675 NYS2d 578] —Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Galloway, J. (Appeals from Order of Supreme Court, Monroe County, Galloway, J.—Discovery.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.

■ In the Matter of JAMES W., an Infant. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DARLENE W., Appellant. (Appeal No. 1.) [673 NYS2d 961] —Order unanimously affirmed without costs for reasons stated in decision at Oswego County Family Court, Roman, J. (Appeal from Order of Oswego County Family Court, Roman, J.—Terminate Parental Rights.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.

■ In the Matter of LILLIAN A., an Infant. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DARLENE W., Appellant. (Appeal No. 2.) [675 NYS2d 578] —Order unanimously affirmed without costs for reasons stated in decision at Oswego County Family Court, Roman, J. (Appeal from Order of Os-

wego County Family Court, Roman, J.—Terminate Parental Rights.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN R. BURTON, Appellant. [674 NYS2d 560] —Case held, decision reserved and matter remitted to Erie County Court for further proceedings in accordance with the following Memorandum: Defendant pleaded guilty to criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) and attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [4]). Prior to sentencing, defendant made a *pro se* motion to withdraw his plea on the grounds that he was under the influence of marihuana during the plea proceeding and that he had been coerced by his attorney to plead guilty. At sentencing, defense counsel, who had not represented defendant during entry of the plea, moved to withdraw from representation. He stated that, despite the favorable plea bargain, defendant "persists" in moving to withdraw the plea; that he had informed defendant of the "folly" of his persistence; and that he could not be a party to it. Defendant was denied effective assistance of counsel when defense counsel took a position adverse to that of defendant, and County Court should not have determined the motion to withdraw the plea without first assigning a different attorney to represent defendant (*see, People v Chrysler*, 233 AD2d 928; *People v Singletary*, 233 AD2d 849; *People v Kellar*, 213 AD2d 1063; *People v Welsh*, 207 AD2d 1025). Thus, we reserve decision and remit the matter to Erie County Court for the assignment of counsel and a de novo determination of the motion to withdraw the guilty plea. (Appeal from Judgment of Erie County Court, McCarthy, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Denman, P. J., Green, Pigott, Jr., Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TELLY A. HEATH, Appellant. [675 NYS2d 570] —Judgment unanimously affirmed (*see, People v Saunders*, 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Supreme Court, Erie County, Burns, J.—Unauthorized Use Motor Vehicle, 2nd Degree.) Present—Denman, P. J., Green, Pigott, Jr., Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE ROSS, Appellant. [674 NYS2d 526] —Judgment unanimously reversed on the law, motion to suppress granted and indictment dismissed. Memorandum: County Court erred in